STATE OF CONNECTICUT *v.* JAMES MORRIS
(AC 25173)

DiPentima, Gruendel and McDonald, Js.

Argued November 30, 2005—officially released June 6, 2006

*Francis L. O'Reilly*, special public defender, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *John A. Connolly*, state's attorney, and *Gail P. Hardy*, assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, James Morris, appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2), sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (A) and sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). On appeal, the defendant claims that the trial court improperly prohibited him from cross-examining (1) the victim[1] about prior sexual and physical abuse committed against her by her father, and (2) the victim's therapist about the circumstances surrounding the victim's dis-

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

closure of sexual abuse. We affirm the judgment of the trial court.

From the evidence adduced at trial, the jury reasonably could have found the following facts. The defendant, an acquaintance of the victim's father, owned and operated a state licensed family day care in the basement of a house from 1990 until 1999. In September, 1997, the victim, then aged nine, and her three sisters began attending the day care after school. The victim and her sisters lived with their father at the time.

Over the course of the next six months, the defendant subjected the victim to unwanted sexual touchings.[2] The incidents occurred in a small office in the rear of the day care as well as in other areas of the house. The victim complained to her father about the defendant's abusive behavior, but he discounted her claims and ordered her to continue to attend the day care. The victim and her sisters attended the day care until February, 1998, at which time the victim's father was laid off from his job. The victim and her sisters were then taken in and cared for by their grandmother. The department of children and families subsequently placed the children into foster homes when their grandmother fell ill.

The victim did not reveal her abuse by the defendant until February, 2000, at which time she was living in a safe home facility operated by Waterbury youth services. She disclosed the abuse to Noel Federle, the safe home program director, Susan Gagnon, the victim's psychotherapist, and Detective Anthony Rickevicius of the Waterbury police department.

On September 26, 2003, the jury found the defendant guilty of risk of injury to a child, sexual assault in the third degree and sexual assault in the fourth degree.

---

[2] The victim testified that the defendant touched her private parts and groin area, and forced her to put her hands down his pants.

On November 20, 2003, the court sentenced the defendant to fifteen years imprisonment, execution suspended after eleven and one-half years, followed by fifteen years of probation. On March 1, 2004, the defendant filed this appeal.

I

The defendant claims that the court violated his constitutional rights under the sixth and fourteenth amendments to the United States constitution by excluding evidence of the victim's prior sexual abuse. Specifically, the defendant claims that the court improperly prevented him from inquiring of the victim as to the sexual and physical abuse by her father. We disagree.

The following facts are relevant to the defendant's claim. At trial, during direct examination, the victim detailed her allegations against the defendant and her subsequent disclosures. On cross-examination, defense counsel asked the victim if she was being treated for posttraumatic stress disorder or for "flashback" episodes. The prosecutor objected to the inquiry on the ground of relevance. The court excused the jury, and defense counsel made an offer of proof, in which he noted, inter alia, that the victim's father recently had been convicted of physically and sexually abusing the victim, that at the father's trial, a therapist had disclosed that the victim was suffering from posttraumatic stress disorder and that the victim had disclosed her father's sexual abuse contemporaneously with her disclosure about the defendant's sexual abuse.

In her counterargument, the prosecutor noted that the victim's allegations against the father were entirely truthful and, therefore, the proposed inquiry was not relevant or admissible under the rape shield statute. See General Statutes § 54-86f.[3] The prosecutor also

---

[3] General Statutes § 54-86f provides: "In any prosecution for sexual assault under sections 53a-70, 53a-70a, and 53a-71 to 53a-73a, inclusive, no evidence of the sexual conduct of the victim may be admissible unless such evidence

noted that during the father's trial, the victim herself never testified about posttraumatic stress disorder or flashbacks. The court precluded defense counsel from inquiring of the victim into the subject of her therapy sessions, noting that it was both privileged information and not relevant or otherwise admissible under the rape shield statute.

"Restrictions on the scope of cross-examination are within the sound discretion of the trial court. . . . To establish an abuse of discretion, it must be shown that restrictions imposed on cross-examination were clearly prejudicial. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the trial court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Ellison*, 79 Conn. App. 591, 611–12, 830 A.2d 812, cert. denied, 267 Conn. 901, 838 A.2d 211 (2003).

is (1) offered by the defendant on the issue of whether the defendant was, with respect to the victim, the source of semen, disease, pregnancy or injury, or (2) offered by the defendant on the issue of credibility of the victim, provided the victim has testified on direct examination as to his or her sexual conduct, or (3) any evidence of sexual conduct with the defendant offered by the defendant on the issue of consent by the victim, when consent is raised as a defense by the defendant, or (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. On motion of either party the court may order such hearing held in camera, subject to the provisions of section 51-164x. If the proceeding is a trial with a jury, such hearing shall be held in the absence of the jury. If, after hearing, the court finds that the evidence meets the requirements of this section and that the probative value of the evidence outweighs its prejudicial effect on the victim, the court may grant the motion. The testimony of the defendant during a hearing on a motion to offer evidence under this section may not be used against the defendant during the trial if such motion is denied, except that such testimony may be admissible to impeach the credibility of the defendant if the defendant elects to testify as part of the defense."

In a trial for sexual assault, a defendant is not permitted to introduce evidence of sexual conduct of the victim except in certain instances as provided by statute. "The rape shield statute excludes evidence of prior sexual conduct of the victim of a sexual assault, unless one of the statutory exceptions is satisfied. . . . The statute was enacted specifically to bar or limit the use of prior sexual conduct of an alleged victim of a sexual assault. . . . Our legislature has determined that, except in specific instances, and taking the defendant's constitutional rights into account, evidence of prior sexual conduct is to be excluded for policy purposes. Some of these policies include protecting the victim's sexual privacy and shielding her from undue harassment, encouraging reports of sexual assault, and enabling the victim to testify in court with less fear of embarrassment. . . . Other policies promoted by the law include avoiding prejudice to the victim, jury confusion and waste of time on collateral matters." (Internal quotation marks omitted.) *State* v. *Smith*, 85 Conn. App. 96, 103, 856 A.2d 466, cert. granted on other grounds, 271 Conn. 945, 861 A.2d 1178 (2004).

"*If* the evidence is probative, the statute's protection yields to constitutional rights that assure a full and fair defense. . . . *If* the defendant's offer of proof is sufficient to show relevancy, and that the evidence is more probative to the defense than prejudicial to the victim, it must be deemed admissible at trial." (Emphasis in original; internal quotation marks omitted.) *State* v. *Ellison*, supra, 79 Conn. App. 612–13.

The defendant relies on subdivision (4) of § 54-86f,[4] arguing that the precluded line of inquiry is "otherwise so relevant and material to a critical issue in the case that excluding it would violate [his] constitutional rights. . . ." General Statutes § 54-86f. In furtherance

[4] See footnote 3.

of his argument, the defendant attempts to distinguish the present case from *State* v. *Kulmac*, 230 Conn. 43, 644 A.2d 887 (1994), in which our Supreme Court held that the defendant was not allowed to cross-examine the victim about prior sexual abuse because the victim did not "[appear] confused, and . . . any abuses committed on [the victim] were too remote in time from the abuses at issue in the trial to cause confusion." Id., 55.[5] In the present case, the evidence presented at trial did not indicate whether the defendant's abuse of the victim was contemporaneous with that of the father's abuse of her.[6] Further, because the victim was not confused either about the identity of the defendant, or the circumstances under which she was abused by the defendant, we conclude that the court properly pre-

---

[5] The defendant also claims that this case is analogous to *State* v. *Aggen*, 79 Conn. App. 263, 829 A.2d 919 (2003). In *Aggen*, we affirmed the decision of the trial court, finding that it had properly refused to allow the defendant to present evidence of prior sexual assaults in light of the fact that, at trial, the defendant and the state agreed to a stipulation read to the jury stating that the victim had previously been sexually assaulted. Id., 273–75. In this case, neither the defendant nor the state agreed to any stipulation regarding the victim's prior sexual abuse. We therefore find the defendant's reliance on *Aggen* misplaced.

[6] The defendant claims that a review of the transcript reveals that the father's sexual abuse of the victim was "before, during and after the abuse by the defendant." A review of the transcript, however, does not indicate that the victim was abused by the defendant and her father contemporaneously. On the contrary, the transcript reveals the following exchange between the court and defense counsel:

"The Court: Now, do you want to ask [the victim] what happened to her with her father? Is that your claim, that [the sexual abuse of the victim by the defendant] happened at the same time [as the sexual abuse by the father]?

"[Defense Counsel]: We haven't gotten to that point. We were not getting to that point."

Furthermore, a review of the transcript reveals that defense counsel claimed that the victim *disclosed* to her therapist the sexual abuse by her father at the same time she *disclosed* the sexual abuse by the defendant. During his offer of proof, defense counsel stated, "At the time that the alleged victim disclosed her allegation against [the defendant] . . . [a]s far as I know, was exactly the same time that she disclosed the allegations against her father."

cluded any line of inquiry relating to her prior sexual abuse.

None of the testimony adduced at trial indicated that the victim in any manner was confused when identifying the defendant as her abuser. "Whether there is a sufficient basis for a claim that a witness is confused, so as to permit cross-examination that would otherwise be inadmissible, is a question of fact that is properly left to the discretion of the trial court." *State* v. *Kulmac,* supra, 230 Conn. 55. The victim's testimony, as well as the evidence proffered by the defendant in his offer of proof, is devoid of any indicia that the victim had confused her father and his criminal acts in the family home with the defendant and his criminal acts at the day care center. Indeed, the prior acts of sexual abuse are sufficiently dissimilar and distinguishable because they involve different perpetrators and different locations. The excluded evidence here would be material only if there was some indicia that the victim, through the confusion of her two abusers, had misidentified the defendant. Under these circumstances, we cannot conclude that the court violated the defendant's right to confront witnesses against him by excluding the evidence of prior sexual abuse.[7]

## II

The defendant also claims that the court improperly prevented him from questioning the victim's therapist,

---

[7] The defendant also contends that the court improperly prevented him from inquiring of the victim whether the psychological symptoms she exhibited and the attendant psychotherapy were the result of the father's abuse. When error is claimed in an evidentiary ruling, the brief or appendix must include a verbatim statement of the question or offer, the objection and ground therefor, the claim for admissibility and the ruling. See Practice Book § 67-4 (d) (3); *River Bend Associates, Inc.* v. *Conservation & Inland Wetlands Commission,* 269 Conn. 57, 82, 848 A.2d 395 (2004). The defendant's brief fails to comply with that requirement, with no citation to authority and only a general citation to a page in the record, and is therefore procedurally not in compliance with Practice Book § 67-4. Accordingly, we decline to review this issue.

Gagnon, about the circumstances surrounding the victim's disclosure of sexual abuse. We are not persuaded.

The following facts are relevant to the defendant's claim. After defense counsel's offer of proof, while the jury was still excused, defense counsel asked the court if he could call Gagnon in order to ask her questions concerning the victim's disclosure of sexual abuse.[8] To this inquiry, the court responded, "Now . . . you can subpoena anybody you like and make a record, offer of proof, and I'll hear that at the appropriate time. I'm not giving you any preview. I don't know what you would ask or inquire about. That's totally up to you. . . . We are moving along with this trial. You've had plenty of time to get whoever you need here and subpoena those persons. I intend to proceed as directed to you two weeks ago. Let's proceed." We note that the court did not prevent the defendant from subpoenaing Gagnon at a later point during the trial or from making any necessary offer of proof with respect to the testimony he sought to elicit from her.

"[W]hen raising evidentiary issues on appeal, all briefs should identify clearly what evidence was excluded or admitted, where the trial counsel objected and preserved his rights and why there was error." (Internal quotation marks omitted.) *Florian* v. *Lenge*, 91 Conn. App. 268, 287, 880 A.2d 985 (2005). The record, which we have reviewed, does not demonstrate that the defendant subpoenaed Gagnon or made an offer of proof as to her testimony. The court clearly indicated to the defendant that he was free to subpoena any witness he desired. Moreover, the court stated that it would not inquire into the subject of the witness' testi-

---

[8] Specifically, defense counsel stated: "Given the fact that I'm unable to ask the alleged victim in this case the questions that I proffered, I believe it would behoove me to subpoena her therapist, Susan Gagnon, and to ask those *exact* questions that I was unable to ask of [the victim] . . . ." (Emphasis added).

mony prior to any offer of proof. Because the defendant neither subpoenaed Gagnon nor made an offer of proof concerning her, we cannot conclude that there is an appealable evidentiary ruling. Accordingly, the defendant's argument that he was prevented from questioning Gagnon about the victim's sexual abuse is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.