STATE OF CONNECTICUT *v.* GERALD W.[1]
(AC 26980)

Flynn, C. J., and Gruendel and Foti, Js.

_____

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victims or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

Argued May 22—officially released September 18, 2007

*Raymond L. Durelli*, special public defender, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Gerald W., appeals from the judgment of conviction, rendered after a jury trial, of three counts of risk of injury to a child in violation of

General Statutes § 53-21 (a) (2)[2] and one count of attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70 (a) (2). On appeal, the defendant claims that the trial court improperly (1) instructed the jury regarding the presumption of innocence and (2) applied the rape shield statute by (a) failing to hold an evidentiary hearing to determine the admissibility of evidence relating to the prior sexual assault of one of the alleged victims, thereby denying the defendant his right to confrontation in violation of the sixth amendment to the United States constitution, and (b) extending the rape shield statute to the prosecution for risk of injury to a child. We affirm the judgment of the trial court.

From the evidence adduced at trial, the jury reasonably could have found the following facts. The victims are three minor children, S, the defendant's daughter; P, the defendant's cousin; and T, the cousin of the defendant's girlfriend. At the time of trial, the three victims were age fourteen, fifteen and sixteen, respectively. The victims often would visit the defendant at his apartment, where he lived with his girlfriend. When S was approximately six years old, she began visiting the defendant on a weekly basis. Sometime in December, 2001, when she was eleven years old, the defendant engaged in what would become a pattern of sexual abuse of S, which continued until sometime in early 2003. During some of these visits, the defendant would touch her chest and vaginal area with his penis, finger or hand. On one evening during 2001, when P was eleven, the defendant pulled down her pants and attempted to engage in sexual intercourse. When T was nine years

[2] The charges of risk of injury to a child stem from incidents that occurred between 1996 and 2003. During that time, General Statutes § 53-21 was amended several times, although none of the revisions have any bearing on the merits of this appeal. In the interest of simplicity, we refer in this opinion to the current revision of § 53-21.

old, she began to visit the defendant and her cousin. During the ensuing five year period, the defendant inappropriately touched both her chest and vaginal area approximately ten times.

After the defendant's conduct was disclosed to the police, the defendant was arrested and charged in a substitute information dated May 5, 2005, with three counts of risk of injury to a child and one count of attempt to commit sexual assault in the first degree. Following a jury trial, the defendant was convicted on all counts and sentenced to a total effective term of forty years imprisonment. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The defendant first claims that the court's jury instructions were improper because they deprived him of the presumption of innocence. This claim concerns language taken out of context regarding the presumption of innocence. The defendant claims that it was reasonably possible that the jury was misled and could have believed that the presumption of innocence disappeared after finding him guilty of one of the charged crimes. We are not persuaded.

The defendant constructed his claim from several portions of the court's instructions to the jury given on the presumption of innocence. The court stated that "the presumption of innocence remains with [the defendant] unless and until the state proves beyond a reasonable doubt that he is guilty of one or more of those charges." In the final charge to the jury, the court instructed that "the presumption of innocence remains with the defendant unless and until the evidence . . . persuades you beyond a reasonable doubt that the defendant is guilty of one or more charges."

In his brief, the defendant challenges this portion of the instructions, highlighting the court's language in isolation from the remainder of the charge. Specifically, the defendant contends that by instructing the jury that the presumption of innocence applied until he was found guilty of "one or more charges," the court deprived him of the presumption of innocence, as the challenged language "implied that once the jurors found the defendant guilty as to one of the crimes with which he was charged, he was no longer entitled to the presumption of innocence . . . as to the other crimes he had been charged with."

Because he failed to preserve his claim by submitting a request to charge to the trial court or by objecting to the charge given at trial, the defendant seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] We will review the defendant's claim under *Golding* because the record is adequate for our review, and "a claim of instructional impropriety regarding the presumption of innocence . . . is of constitutional magnitude." *State* v. *Lawrence*, 282 Conn. 141, 178 n.22, 920 A.2d 236 (2007). "[U]nder . . . *Golding*, a defendant may prevail on an unpreserved constitutional claim of instructional error only if, considering the substance of the charge rather than the form of what was said, [i]t is reasonably possible that the jury was misled." (Internal quotation marks omitted.) *State* v. *Serrano*, 91 Conn. App. 227, 244, 880 A.2d 183, cert. denied, 276

---

[3] Under *Golding*, a "defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

Conn. 908, 884 A.2d 1029 (2005). In determining whether the jury was misled, "[i]t is well established that [a] charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge." (Internal quotation marks omitted.) *State* v. *White*, 97 Conn. App. 763, 773, 906 A.2d 728, cert. denied, 280 Conn. 939, 912 A.2d 476 (2006). "The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 128, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct 1614, 158 L. Ed. 2d 254 (2004). We turn now to the merits of the defendant's instructional claim.

In resolving the defendant's claim, we begin by setting forth the legal principles relevant to our discussion. "In *Taylor* [v. *Kentucky*, 436 U.S. 478, 484, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978)], the [United States Supreme Court] defined the principal function of the presumption of innocence: It is aimed to ensure that the jury bases its decision solely on the evidence presented, and not on extraneous factors such as arrest, information, arraignment, custody and the status of the defendant as an accused." *State* v. *Coleman*, 14 Conn. App. 657, 669–70, 544 A.2d 194, cert. denied, 208 Conn. 815, 546 A.2d 283 (1988). "[T]he presumption of innocence is not evidence . . . but instead is a way of describing the prosecution's duty both to produce evidence of guilt and to convince the jury beyond a reasonable doubt."[4] (Internal quotation marks omitted.) Id., 669.

---

[4] Further, our Supreme Court has recognized that the reasonable doubt standard and the presumption of innocence are inextricably intertwined. See *State* v. *Jackson*, 283 Conn. 111, 116, 925 A.2d 1060 (2007) ("[t]he [reasonable doubt concept] provides concrete substance for the presumption of innocence—that bedrock axiomatic and elementary principle whose

In the present case, having considered the court's jury instructions in their entirety, we conclude that, when considered in the broader context of the charge as a whole, the court correctly charged the jury regarding the presumption of innocence. In its preliminary remarks to the jury, the court informed the jury that the defendant was not required to prove his innocence. In the court's final charge to the jury, the court informed the jury that it was to "make [its] own conscientious decision with respect to each charge, but only after [it] considered all of the evidence and discussed the evidence fully with the others." After discussing the presumption of innocence and the reasonable doubt standard, the court stated that "[e]ach charge must be evaluated separately." In light of these instructions, we conclude that the court's instructions communicated to the jury that the presumption of innocence applies individually to each charged crime and that it may be overcome as to each specific charge only after the state introduces evidence that establishes the defendant's guilt as to each crime beyond a reasonable doubt. Accordingly, the defendant's claim fails to meet the third prong of *Golding* because he has not established that a constitutional violation clearly exists and clearly deprived him of a fair trial.

## II

The defendant next claims that the court improperly applied the rape shield statute to exclude evidence relating to T's allegations of prior sexual abuse by her biological father. Specifically, the defendant contends that the court improperly declined to hold an evidentiary hearing under General Statutes § 54-86f (4) to determine the admissibility of this evidence.[5] Additionally, the

---

enforcement lies at the foundation of the administration of our criminal law" [internal quotation marks omitted]).

[5] General Statutes § 54-86f provides: "In any prosecution for sexual assault under sections 53a-70, 53a-70a, and 53a-71 to 53a-73a, inclusive, no evidence of the sexual conduct of the victim may be admissible unless such evidence

defendant claims that the rape shield statute does not apply to prosecutions for risk of injury to a child under § 53-21, where a defendant has not been charged with any of the crimes enumerated in § 54-86f.

A

The defendant first claims that the court violated his constitutional rights under the sixth and fourteenth amendments to the United States constitution by failing to hold an evidentiary hearing regarding the admissibility of T's allegations of prior sexual abuse by her biological father. On appeal, as he did at trial, the defendant contends that an evidentiary hearing was required under subdivision (4) of § 54-86f because the proffered evidence was relevant to aid the jury in evaluating the victim's credibility and to highlight the possible risk of misidentification of the perpetrator of the sexual abuse at issue in this matter. We disagree.

The following facts are relevant to the defendant's claim. At trial, during direct examination, T detailed her

is (1) offered by the defendant on the issue of whether the defendant was, with respect to the victim, the source of semen, disease, pregnancy or injury, or (2) offered by the defendant on the issue of credibility of the victim, provided the victim has testified on direct examination as to his or her sexual conduct, or (3) any evidence of sexual conduct with the defendant offered by the defendant on the issue of consent by the victim, when consent is raised as a defense by the defendant, or (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. On motion of either party the court may order such hearing held in camera, subject to the provisions of section 51-164x. If the proceeding is a trial with a jury, such hearing shall be held in the absence of the jury. If, after hearing, the court finds that the evidence meets the requirements of this section and that the probative value of the evidence outweighs its prejudicial effect on the victim, the court may grant the motion. The testimony of the defendant during a hearing on a motion to offer evidence under this section may not be used against the defendant during the trial if such motion is denied, except that such testimony may be admissible to impeach the credibility of the defendant if the defendant elects to testify as part of the defense."

allegations against the defendant and her subsequent disclosures to her aunt and the police. During the defendant's cross-examination of T, outside the presence of the jury, defense counsel sought permission from the court to question T about allegations that she had made to an investigator employed by the department of children and families (department) concerning prior sexual abuse by her biological father. These allegations indicated that T's biological father had abused her for a one year period commencing sometime in 2002.

In defense counsel's resulting offer of proof, he claimed that because this abuse may have been contemporaneous with that of the defendant's alleged abuse,[6] this line of inquiry should have been permitted. He argued that it was relevant to assist the jury in evaluating the credibility of T, to demonstrate that T may have been confused regarding the identity of the perpetrator of the alleged sexual abuse and to establish that she may have had a motive to be untruthful. The prosecutor objected to the inquiry on the grounds of relevance and the possible embarrassment that such questioning would cause the victim. Following an in camera review of the department records, the court precluded defense counsel from questioning the victim about the prior sexual abuse, noting that such evidence was irrelevant and therefore barred by the rape shield statute. In reaching this decision, the court found that T, who was sixteen years of age at the time of trial, exhibited no confusion in identifying the defendant as the individual who had committed the charged crimes.

We first set forth the standard of review for determining whether the court properly denied the defendant's

---

[6] On May 10, 2005, the day of trial, the defendant also had filed a motion to admit evidence relating to the sexual conduct of T for the purposes of (1) eliciting evidence as to whether the defendant was the source of her injuries and (2) attacking her credibility. Because no evidence was presented to the court establishing that T had sustained any type of injury, the court did not consider the defendant's apparent "source of injury" argument.

request for an evidentiary hearing under subdivision (4) of § 54-86f. Section 54-86f "requires a defendant to make a preliminary showing that the evidence sought to be explored in the evidentiary hearing is relevant." *State* v. *Barrett*, 43 Conn. App. 667, 674, 685 A.2d 677 (1996), cert. denied, 240 Conn. 923, 692 A.2d 819 (1997). "Upon review of a trial court's decision, we will set aside an evidentiary ruling only when there has been a clear abuse of discretion. . . . The trial court has wide discretion in determining the relevancy of evidence and the scope of cross-examination and [e]very reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Rolon*, 257 Conn. 156, 173, 777 A.2d 604 (2001).

Subject to certain exceptions, the rape shield statute "greatly restricts the admissibility of evidence of the prior sexual conduct of a sexual assault victim." (Internal quotation marks omitted.) *State* v. *Kulmac*, 230 Conn. 43, 53, 644 A.2d 887 (1994). Our Supreme Court has stated "that the rape shield statute was enacted specifically to bar or limit the use of prior sexual conduct of an alleged victim of a sexual assault because it is such highly prejudicial material. . . . Our legislature has determined that, except in specific instances, and taking the defendant's constitutional rights into account, evidence of prior sexual conduct is to be excluded for policy purposes. Some of these policies include protecting the victim's sexual privacy and shielding her from undue harassment, encouraging reports of sexual assault, and enabling the victim to testify in court with less fear of embarrassment. . . . Other policies promoted by the law include avoiding prejudice to the victim, jury confusion and waste of time on collateral matters." (Internal quotation marks

omitted.) *State* v. *Ritrovato*, 280 Conn. 36, 53, 905 A.2d 1079 (2006).

Section 54-86f (4), however, permits evidence to be introduced if the evidence is "otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. . . ." In cases involving child sexual abuse, to admit evidence under subdivision (4) of § 54-86f, "the defendant must make an offer of proof showing: (1) that the prior acts clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to [the] defendant's case; and (5) that the probative value of the evidence outweighs its prejudicial effect." (Internal quotation marks omitted.) *State* v. *Rolon*, supra, 257 Conn. 184.

Thus, "[a] clear statement of the defendant's theory of relevance is all important in determining whether the evidence is offered for a permissible purpose."[7] (Internal quotation marks omitted.) Id., 179. "*If* the evidence is probative, the [rape shield] statute's protection yields to constitutional rights that assure a full and fair defense. . . . *If* the defendant's offer of proof is sufficient to show relevancy, and that the evidence is more probative to the defense than prejudicial to the victim,

---

[7] "Determining whether evidence is relevant and material to critical issues in a case is an inherently fact-bound inquiry. . . . As a general principle, evidence is relevant if it has a tendency to establish the existence of a material fact. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. . . . If the proffered evidence is not relevant, the defendant's right to confrontation is not affected, and the evidence [is] properly excluded." (Citations omitted; internal quotation marks omitted.) *State* v. *DeJesus*, 270 Conn. 826, 837–38, 856 A.2d 345 (2004). "The proffering party bears the burden of establishing the relevance of the offered testimony. Unless such proper foundation is established, the evidence . . . is irrelevant." (Internal quotation marks omitted.) *State* v. *Rolon*, supra, 257 Conn. 177 n.24.

it must be deemed admissible at trial." (Emphasis in original; internal quotation marks omitted.) *State* v. *Morris*, 95 Conn. App. 793, 798, 898 A.2d 822, cert. denied, 280 Conn. 239, 912 A.2d 476 (2006).

The defendant attempts to distinguish the present case from two cases involving allegations of child sexual abuse, *State* v. *Kulmac*, supra, 230 Conn. 43, and *State* v. *Morris*, supra, 95 Conn. App. 793. In *Kulmac*, our Supreme Court affirmed the trial court's ruling prohibiting a defendant from cross-examining the victim about prior sexual abuse because the victim did not "[appear] confused, and . . . any . . . abuses committed on [the victim] were too remote in time from the abuses at issue in the trial to cause confusion." *State* v. *Kulmac*, supra, 55. Similarly, in *Morris*, this court upheld the trial court's ruling that precluded a defendant from cross-examining the victim about prior sexual abuse perpetrated by her father, reasoning that such line of inquiry was irrelevant, as the defendant failed to establish that his alleged abuse of the victim was both contemporaneous with that of the father's abuse of the victim and that the victim was confused as to "either . . . the identity of the defendant, or the circumstances under which [the victim] was abused by the defendant . . . ." *State* v. *Morris*, supra, 799–800.

The defendant argues that, unlike the situation in *Kulmac*, the court had no basis for concluding that the victim had not exhibited any confusion regarding the identity of her abuser and, contrary to *Morris*, the instances of sexual abuse at issue in the present matter were contemporaneous. The defendant's attempt to distinguish these cases is unavailing. Here, as was the case in both *Kulmac* and *Morris*, after observing the victim testify, the court concluded that the victim was not confused when she identified the defendant as her abuser. See *State* v. *Kulmac*, supra, 230 Conn. 55; *State* v. *Morris*, supra, 95 Conn. App. 799–800. "Whether there

is a sufficient basis for a claim that a witness is confused, so as to permit cross-examination that would otherwise be inadmissible, is a question of fact that is properly left to the discretion of the trial court." *State* v. *Kulmac*, supra, 55.

In the present case, we have thoroughly reviewed the department records concerning T's allegations of sexual abuse by her biological father. We conclude that the court properly determined that the evidence of the prior sexual abuse was irrelevant because none of the testimony adduced at trial indicated that the victim was confused when she identified the defendant as her abuser. In assessing whether a child victim would be likely to misidentify his or her sexual abuser, our Supreme Court has focused on the possible confusion inherent in a very young child's perception of such a traumatic event. See *State* v. *Rolon*, supra, 257 Conn. 181. Here, although there may have been a temporal overlap, between 2002 and 2003, of the alleged abuse by her biological father and the defendant's abuse, we note that T was not a preschool-aged child, but rather a sixteen year old teenager at the time she testified. Nonetheless, even if we were to disregard the significance of T's age, the court could rely on the fact that the victim had a preexisting relationship with both of the alleged abusers, the defendant, who was her cousin's boyfriend, and her biological father, to conclude that a risk of misidentification was not implicated.

The defendant further contends that this line of inquiry would have been relevant to establish the victim's bias or motive to testify against the defendant. In support of this claim, the defendant argues that the victim may have been testifying against him in an attempt to protect her biological father from prosecution. The defendant maintains that evidence of the biological father's sexual abuse would have permitted the jury to infer such bias or motive. We conclude that

the record does not support this claim, as the record establishes that the victim reported the alleged instances of abuse by her biological father. This fact makes it unlikely that the victim testified against the defendant in an attempt to protect her biological father. See *State* v. *Kulmac,* supra, 230 Conn. 56. Thus, under the circumstances of this case, because this evidence would not have provided the jury with any insight into the victim's ability to comprehend, know and communicate the truth, the court acted within its discretion in precluding any inquiry relating to the prior sexual abuse allegedly perpetrated by the victim's biological father. Accordingly, the court did not abuse its discretion in declining to hold an evidentiary hearing.

B

The defendant finally claims that the court improperly applied the rape shield statute to his prosecution for risk of injury to a child to exclude evidence relating to the prior sexual abuse of T by her biological father. The defendant argues that as the rape shield statute does not reference § 53-21, the statute does not apply to prosecutions for risk of injury to a child. The defendant acknowledges that he did not object to the court's application of § 54-86f. On appeal, however, he now argues that the court's application of the rape shield statute violated his sixth amendment right to confrontation. The defendant asks us to review this claim under *State* v. *Golding,* supra, 213 Conn. 239–40. We decline to accept the invitation.

As noted previously, a claim is reviewable under *Golding* if the record is adequate to review the claim and the claim is of constitutional magnitude alleging the violation of a fundamental right. Id., 239. It is well established that "every evidentiary ruling that denies a defendant a line of inquiry is not a violation of his constitutional rights. The defendant's right to confront

witnesses against him is not absolute, but must bow to other legitimate interests in the criminal trial process." (Internal quotation marks omitted.) *State* v. *Kulmac*, supra, 230 Conn. 55. Accordingly, "[t]he defendant can not raise a constitutional claim by attaching a constitutional label to a purely evidentiary claim or by asserting merely that a strained connection exists between the evidentiary claim and a fundamental constitutional right." (Internal quotation marks omitted.) *State* v. *D'Haity*, 99 Conn. App. 375, 394, 914 A.2d 570, cert. denied, 282 Conn. 912, 924 A.2d 137 (2007).

Thus, "[o]nce identified, unpreserved evidentiary claims masquerading as constitutional claims will be summarily dismissed." *State* v. *Golding*, supra, 213 Conn. 241. "We previously have stated that the admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved." (Internal quotation marks omitted.) *State* v. *Boyd*, 89 Conn. App. 1, 19, 872 A.2d 477, cert. denied, 275 Conn. 921, 883 A.2d 1247 (2005). Accordingly, as we have concluded that the court properly determined that the victim's allegations of prior sexual abuse were irrelevant and thus did not deny the defendant his constitutional right to confrontation, we decline to review the defendant's unpreserved evidentiary claim.

The judgment is affirmed

In this opinion the other judges concurred.