# FERNANDO BOSQUE *v.* COMMISSIONER OF CORRECTION
## (AC 32141)

Lavine, Bear and West, Js.

Argued April 18—officially released July 26, 2011

*Justine F. Miller*, special public defender, for the appellant (petitioner).

*Susann E. Gill*, supervisory assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, *Adam E. Mattei*, special deputy assistant state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Fernando Bosque, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance by failing to file a motion to suppress the petitioner's statement to police. We dismiss the appeal.

The relevant facts and underlying procedural history were set forth by this court in a decision affirming the petitioner's conviction; see *State* v. *Bosque*, 106 Conn. App. 452, 942 A.2d 1036, cert. denied, 287 Conn. 913, 950 A.2d 1288 (2008); and in the habeas court's memorandum of decision. "On the basis of the evidence presented at trial, the jury reasonably could have found the following facts. At approximately 1:30 a.m. on November 5, 2004, the [petitioner], his brother, Benjamin Bosque, and Roberto Figueroa went to a Bridgeport apartment, a residence shared by three males and a female, all of whom were college students. The [petitioner] and his accomplices forcibly gained entry to the apartment after ringing the doorbell. The [petitioner] and his brother wore masks and brandished BB guns. Initially, three of the residents were at the apartment along with another male visitor. Thereafter, the fourth resident arrived home from work. At gunpoint, the

intruders verbally disparaged, threatened and physically assaulted the occupants of the apartment and forced them into one room. The intruders ransacked the apartment for valuables, taking items such as home electronics, jewelry, mobile phones, cash and automatic teller machine cards. The intruders also forced the victims to reveal their personal identification numbers. During the invasion, the [petitioner] participated in a sexual assault of the female victim. Following their departure from the apartment, the [petitioner] and his accomplices took the stolen items to the home of the [petitioner's] mother and proceeded to a bank where they withdrew money from the victims' bank accounts." Id., 454.

The petitioner was charged with conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4), burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and five counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). Id., 453–54. Subsequently, the petitioner was found guilty by a jury on all counts. The trial court rendered judgment of conviction and sentenced the petitioner to a total effective term of seventy years imprisonment, suspended after fifty years, seven of which were nonsuspendable, with thirty-five years probation. Throughout these underlying criminal proceedings, the petitioner was represented by attorneys H. Jeffrey Beck and Robert A. Photos.[1] We affirmed the petitioner's conviction on direct appeal. Id., 460.

---

[1] In count two of the amended petition, the petitioner brought an ineffective assistance of counsel claim related to Photos' representation; however, the habeas court found that the claim concerning Photos "[was] wholly unsupported, without merit, and deemed abandoned." On appeal, the petitioner does not raise any claim concerning the habeas court's resolution of count two.

The petitioner filed an amended three count petition for a writ of habeas corpus on May 7, 2009, in which he alleged that Beck rendered ineffective assistance of counsel. The petitioner alleged numerous deficiencies regarding the performance of his trial counsel; however, on appeal the petitioner asserts only his counsel's decision not to file a motion to suppress the petitioner's statement to police. Following a one day habeas trial, the court denied the petition for a writ of habeas corpus and denied the petition for certification to appeal.[2] This appeal followed. Additional facts will be set forth as necessary.

The petitioner claims that the habeas court abused its discretion in denying certification to appeal because the issue of whether his counsel was ineffective in deciding not to file a motion to suppress the petitioner's statement to police is one that is debatable among jurists of reason, could have been resolved differently, and, thus, warrants further consideration. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). We do not agree.

We begin by setting forth the well settled standard of review and legal principles that guide our resolution of the petitioner's appeal. "Faced with the habeas court's denial of certification to appeal, a petitioner's

___

[2] In count three of the amended petition, the petitioner alleged that his due process rights were violated when he was charged with having violated and thereafter was convicted under § 53a-92 (a) (2) (A), kidnapping in the first degree. Relying on *State* v. *Salamon*, 287 Conn. 509, 542, 949 A.2d 1092 (2008), the petitioner appears to argue that the trial court erred when it failed to instruct the jury that if the kidnapping was incident to the restraint of the victim in connection with the crimes of sexual assault in the first degree in violation of § 53a-70 (a) (1) and robbery in the first degree in violation of § 53a-134 (a) (4), then the petitioner must have intended to prevent the victim's liberation for a longer period of time or to a greater degree than was necessary to commit the sexual assault and the robbery. See id. The habeas court denied that claim without prejudice. The petitioner has not challenged that denial in this appeal.

first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. [Id., 612]. To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. Id., 612. We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal." (Internal quotation marks omitted.) *Atkinson* v. *Commissioner of Correction*, 125 Conn. App. 632, 637, 9 A.3d 407 (2010), cert. denied, 300 Conn. 919, 14 A.3d 1006 (2011).

To prove a constitutional claim of ineffective assistance of counsel, a habeas petitioner must establish both deficient performance on the part of counsel and actual prejudice as a result of counsel's deficient performance. *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a [petitioner] must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . [A] reviewing court can find

against a petitioner on either ground, whichever is easier." (Citation omitted; internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 291 Conn. 830, 835, 970 A.2d 721 (2009).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; *that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.*" (Emphasis in original; internal quotation marks omitted.) *Davey B.* v. *Commissioner of Correction*, 114 Conn. App. 871, 876, 971 A.2d 735 (2009).

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given their testimony." (Internal quotation marks omitted.) *Joseph* v. *Commissioner of Correction*, 117 Conn. App. 431, 433, 979 A.2d 568, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009). "Questions of whether to believe or to disbelieve a competent witness are beyond our review." (Internal quotation marks omitted.) *Kiniry* v. *Kiniry*, 299 Conn. 308, 329, 9 A.3d 708 (2010).

At the habeas trial, the petitioner attempted to demonstrate that Beck was deficient in deciding not to file a motion to suppress the petitioner's statement to the police. In the petitioner's statement he claimed that,

although he was present during the crimes, his codefendant, Figueroa, led the home invasion, and he was merely an observer. In the present case, the petitioner testified that at the time he gave his statement to police, he could not read or write in either Spanish or English. The petitioner also testified that despite looking over and signing his statement on each of the five pages, which were typed by the police and included an attached photographic array, the petitioner believed that the statement was actually a promise to appear. The habeas court rejected this assertion and found that the petitioner's testimony was "entirely not credible . . . ." The habeas court articulated several contradictions that illustrated the petitioner's lack of credibility. For example, when asked by the police, prior to signing his statement, "[c]an you read or write English?" the petitioner responded in the affirmative. Moreover, the petitioner's claim not to understand English further was contradicted by Beck's testimony that at no time during the course of his representation of the petitioner did he ever experience any difficulty communicating with the petitioner, nor was he aware that the petitioner had problems reading or understanding English. Beck also testified that the petitioner was "aware of the details in all of the documents discussed, and he fully participated in the discussion of all the material."[3]

Beck further testified that the petitioner's defense was premised on the facts that were set forth in the petitioner's statement to the police, which put him at the scene of the home invasion but attempted to minimize his role in the crimes. Beck also testified that he decided not to file a motion to suppress the statement so that the petitioner's statement would be admitted into evidence without the risk of the petitioner testifying

---

[3] Furthermore, the habeas court described the petitioner's statement to the police as "a shameless attempt to minimize his own role in the terrifying crimes . . . ."

and being cross-examined. Additionally, Beck testified that he had tried approximately fifty to sixty criminal trials and that if he had suspected that his client could not understand English competently, he would have provided an interpreter and filed a motion to suppress the statement to the police. After the hearing, the habeas court found that Beck's decision not to have the petitioner testify at the trial was made for tactical reasons and was the product of sound trial strategy. Although Beck later testified that in hindsight he might have pursued a motion to suppress the petitioner's statement, we note that "[h]indsight will almost always reveal possible alternatives in trial tactics, so that the claim of ineffective representation must be examined as of the time the questioned representation occurred." (Internal quotation marks omitted.) *Levine* v. *Manson*, 195 Conn. 636, 649, 490 A.2d 82 (1985). As such, we agree with the habeas court's finding that Beck's decision not to file a motion to suppress the petitioner's statement to police was a product of sound trial strategy, and, therefore, further agree that Beck's representation fell within the range of reasonable professional competency under *Strickland*. In light of the petitioner's having failed to meet his burden of proof under the first prong of *Strickland*, we conclude that he has failed to prove the merits of his claim.[4]

Having reviewed the record, and for the reasons set forth previously, we conclude that the petitioner has failed to establish that the issues he raises before us are debatable among jurists of reason such that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Accordingly, we conclude that the habeas court did not

---

[4] Because the petitioner has not met his burden of proof under the first prong of *Strickland*, we do not reach the second prong.

abuse its discretion in denying the petition for certification to appeal from the judgment denying the petition for a writ of habeas corpus.

The appeal is dismissed.

In this opinion the other judges concurred.