JUDSON BROWN *v.* COMMISSIONER
OF CORRECTION
(SC 17626)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued January 8—officially released February 27, 2007

*Sheila A. Huddleston,* special public defender, with whom, on the brief, was *Jill M. O'Toole,* for the appellant (petitioner).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Judson Brown, appeals, following our grant of his petition for certification, from the judgment of the Appellate Court affirming the judgment of the habeas court denying his petition for a writ of habeas corpus. See *Brown* v. *Commissioner of Correction,* 92 Conn. App. 382, 389, 885 A.2d 761 (2005).

The facts and procedural history, as set forth by the Appellate Court, provide as follows. "In October, 1996, the petitioner was arrested and charged in connection with an arson committed that August.[1] He initially claimed indigence and requested a public defender. Two public defenders filed appearances on behalf of the petitioner, one in December, 1996, and the second, which was in addition to the first, in October, 1998. On November 12, 1998, the state filed a motion for judicial determination of eligibility for public defender services. The following day, in response to the state's motion and on the basis of information discovered in conjunction with their preparation to defend the petitioner against incidents of uncharged misconduct the state sought to introduce at trial, the public defenders filed a motion to withdraw, having determined that the petitioner no longer qualified for public defender services.[2] Although jury selection was scheduled to begin at about the time those motions were filed, the petitioner's public defenders represented that they believed that in the event their motion to withdraw was granted, the court would grant the petitioner a continuance so as to allow him to retain private counsel. On November 16, 1998, the court granted the motion to withdraw. The petitioner did not challenge that ruling and, on December 11, 1998, filed a pro se appearance. The petitioner's criminal trial began in May, 1999.

---

[1] "For the underlying factual history of the crimes for which the petitioner was convicted, see *State* v. *Brown*, 256 Conn. 291, 772 A.2d 1107, cert. denied, 534 U.S. 1068, 122 S. Ct. 670, 151 L. Ed. 2d 584 (2001)." *Brown* v. *Commissioner of Correction*, supra, 92 Conn. App. 386 n.3.

[2] "The petitioner's public defenders filed their motion to withdraw pursuant to General Statutes § 51-297 (c), which provides in relevant part: 'If a public defender . . . is appointed to provide assistance to any person and he subsequently determines that the person is ineligible for assistance, the public defender . . . shall promptly inform the person in writing and make a motion to withdraw his appearance . . . as soon as it is practical to do so without prejudice to the case, giving the defendant a reasonable time to secure private counsel. . . .' " *Brown* v. *Commissioner of Correction*, supra, 92 Conn. App. 386 n.4.

"The petitioner did not obtain his file from his public defenders prior to the commencement of trial. At the habeas trial, the petitioner testified that he had requested his file on numerous occasions, both orally and in writing, from his public defenders. The petitioner, however, was unable to produce any evidence of his requests, and the habeas court found more credible the testimony of one of his public defenders, who testified that no direct request had been made. The public defender testified that she had told the petitioner that his file was available and that, if he had private counsel, the file was in the public defender's office and the attorney could obtain the file. She further testified that the petitioner never requested his file from the public defenders, even after he had filed his pro se appearance.

"On May 17, 1999, when the court was handling a variety of pretrial matters in the petitioner's case, the issue of the petitioner's witness list arose. The petitioner represented to the court that he did not have a complete list of potential witnesses because his public defenders had compiled that list during their representation of him and he had not obtained that list since the time of their withdrawal. On the following day, the petitioner represented to the court that the public defender's office was preparing to relinquish his file to him and that he expected to obtain his file that afternoon. He actually obtained the majority of his file at about that time, with several enlarged photographs being delivered during the trial itself." Id., 385–88.

In the Appellate Court, the petitioner claimed that the habeas court "improperly concluded that he was not deprived of the effective assistance of counsel because of the alleged failure of his public defenders to ensure that he received his file promptly following their withdrawal from his criminal case." Id., 383. Stressing the fact that the petitioner's claim was not

that his counsel had failed to release his file to him upon his request, but rather that they had failed to tell him that he could obtain his file, and the fact that his counsel "reasonably believed . . . that the petitioner would hire private counsel"; id., 388–89; the Appellate Court affirmed the judgment of the habeas court. Id., 389. The Appellate Court concluded that counsel's "representation . . . fell within the wide range of reasonable professional assistance generally provided by lawyers with ordinary skill and training in the criminal law." Id. This certified appeal followed.[3]

The petitioner claims in this court that he was deprived of the effective assistance of counsel because the public defenders' office did not adequately inform him of how he, as a pro se litigant, should go about obtaining his file. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted, the record having failed to support the new claim made in this appeal.

The appeal is dismissed.

---

[3] We granted the petitioner's petition for certification to appeal limited to the following issue: "Under the circumstances of this case, did the Appellate Court properly determine that the petitioner was not deprived of the effective assistance of counsel?" *Brown* v. *Commissioner of Correction,* 277 Conn. 922, 895 A.2d 795 (2006).