## CHRISTOPHER WILLIAMS *v.* COMMISSIONER OF CORRECTION
## (AC 32965)

Gruendel, Beach and Robinson, Js.

Argued October 24, 2011—officially released January 17, 2012

*Laljeebhai R. Patel,* for the appellant (petitioner).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's

attorney, and *Sean P. McGuinness*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Christopher Williams, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus.[1] He claims that the court erred in rejecting the count of his petition in which he alleged ineffective assistance of prior habeas counsel. The judgment is affirmed.

In 1991, the petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a, attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (1) and criminal possession of a pistol in violation of General Statutes (Rev. to 1991) § 53a-217 (a). The trial court sentenced the defendant to a total term of fifty years imprisonment.

On direct appeal, the petitioner claimed, inter alia, that the trial court had improperly permitted an alternate juror to replace an excused juror after deliberations had begun, in violation of General Statutes (Rev. to 1993) § 54-82h (c).[2] *State* v. *Williams*, 231 Conn. 235,

---

[1] The habeas court dismissed the action pursuant to Practice Book § 23-29. Neither party has claimed that the form of judgment is erroneous.

[2] At the time of trial, General Statutes (Rev. to 1993) § 54-82h (c) provided: "Alternate jurors shall attend at all times upon trial of the cause. They shall be seated when the case is on trial with or near the jurors constituting the regular panel, with equal opportunity to see and hear all matters adduced in the trial of the case. If, at any time, any juror shall, for any reason, become unable to further perform his duty, the court may excuse him and, if any juror is so excused or dies, the court may order that an alternate juror who is designated by lot to be drawn by the clerk shall become a part of the regular panel and the trial shall then proceed as though such juror had been a member of the regular panel from the time when it was begun. A juror who has been selected to serve as an alternate shall not be segregated from the regular panel except when the case is given to the regular panel for deliberation at which time he shall be dismissed from further service on said case."

242–45, 645 A.2d 999 (1994), overruled in part by *State* v. *Murray*, 254 Conn. 472, 487, 757 A.2d 578 (2000) (en banc). The petitioner argued that "§ 54-82h (c) implements the Connecticut constitution's guarantee that '[t]he right of trial by jury shall remain inviolate'; Conn. Const., art. I, § 19 . . . . The state concede[d] that the trial court did not comply with § 54-82h (c) . . . [but] argue[d], however, that the noncompliance was harmless." *State* v. *Williams*, supra, 242. In its decision, which was released in August, 1994, our Supreme Court concluded that in light of the state's concession, it assumed, but did not decide, that the substitution of an alternate juror after jury deliberations had begun violated § 54-82h (c). Id., 242 n.10. The court further concluded that the violation did not implicate the defendant's constitutional rights. Id., 242–44. The court affirmed the judgment of the trial court after determining that, under the circumstances of the case, the violation constituted harmless error. Id., 244–45.

Almost eight years after the court released its decision in the petitioner's direct appeal, the petitioner, in 2002, filed with our Supreme Court a motion for permission to file a late motion for reconsideration, a motion for reconsideration and a motion to recall and amend. The petitioner sought, in his motions, to have the court reconsider and/or recall and amend its decision in his direct appeal, *State* v. *Williams*, supra, 231 Conn. 235, in light of the decision in *State* v. *Murray*, 254 Conn. 472, 757 A.2d 578 (2000) (en banc), which, at the time of the filing of the motions, had been released approximately two years prior. The court granted the petitioner's motion to file a late motion for reconsideration, but, without further elaboration, denied the relief requested therein. The court denied the petitioner's motion to recall and amend.

An issue in *Murray* was whether the trial court violated § 54-82h (c)[3] by substituting an alternate juror for a regular juror after deliberations had begun and whether such violation was subject to harmless error analysis. Id., 474. The court expressly decided that the statute "requires the dismissal of alternates upon submission of the case to the jury, and prohibits the mid-deliberation substitution of alternates." Id., 493. In support of the conclusion that § 54-82h (c), as previously enacted, had not permitted mid-deliberation substitution of jurors, the court referred to Public Acts 2000, No. 00-116, § 6, which became effective shortly after the decision in *Murray* was released. Id. That act amended § 54-82h (c) to permit the substitution of an alternate juror for a regular juror after deliberations had begun. Id., 494.

The court in *Murray* also determined that the trial court's violation of § 54-82h (c) was not subject to harmless error analysis. Id., 497. Contrasting its decision to that in *Williams*, the *Murray* court stated: "[W]e held in *Williams*, that a violation of § 54-82h (c) was subject to harmless error analysis, and that, because the improper substitution of an alternate juror did not implicate the defendant's constitutional right to a trial by jury, the defendant bore the burden of demonstrating the harmfulness of that substitution. . . . In *Williams*, we did not examine the contours of § 54-82h (c), but, rather, assumed, without deciding, that the mid-deliberation substitution of an alternate violated the statute. In the present case, we have resolved the question left open by *Williams*, concluding that . . . § 54-82h (c) did not permit the mid-deliberation substitution of an alternate. . . . In light of the narrow question before

[3] The revision of § 54-82h (c) that was in effect at the time of *Murray* was the same as that in effect at the time of *Williams*. Following the release of the decision in *Murray*, Public Acts 2000, No. 00-116, took effect, thereby amending the statute to its current revision.

us in *Williams*, we did not have occasion to address the legal status of a former alternate, and therefore, the conclusion that we drew therein did not take account of that factor. We are constrained to conclude that the inclusion of a nonjuror among the ultimate arbiters of innocence or guilt necessarily amounts to a [defect] in the structure of the trial mechanism that defies harmless error review." (Citation omitted; internal quotation marks omitted.) Id., 497–98. The court concluded that reversal was automatic and overruled *State* v. *Williams*, supra, 231 Conn. 242, to the extent that the case held otherwise. *State* v. *Murray*, supra, 254 Conn. 499.

In November, 2009, the petitioner filed the operative amended petition for a writ of habeas corpus. The petitioner alleged that his prior habeas counsel rendered ineffective assistance by failing to claim that his counsel on direct appeal was ineffective for failing to raise in that appeal arguments that various statutes and state and federal constitutional rights were violated because the petitioner "was convicted by a 'jury' composed of eleven jurors and one nonjuror."

The habeas court stated that although the petitioner may have been entitled to relief had his direct appeal been pending when *Murray* was announced, the petitioner was not entitled to habeas corpus relief. The court noted that the error that occurred during the petitioner's criminal trial was not of constitutional magnitude, and because the Supreme Court declined to reconsider its decision in the petitioner's direct appeal, in light of *Murray*, when given the opportunity, the habeas court did not need to "go into an analysis and discussion of" whether *Murray* applied retroactively. The habeas court noted that it was bound by the Supreme Court's decisions and concluded that any relief it could grant would improperly override the Supreme Court's decision not to reconsider *Williams* in light of *Murray*.

The petitioner claims that the habeas court erred in rejecting his claim of ineffective assistance of prior habeas counsel in counsel's failure to raise in his previous petition a claim of ineffective assistance of appellate counsel on his direct appeal on the reasoning that it was bound by the Supreme Court's decision not to reconsider the petitioner's direct appeal in light of *Murray*. He states that appellate counsel provided ineffective assistance in that he "paid scant attention" to the structural construction of § 54-82h (c), as it then existed, and as a result, the court did not examine the "contours" of that statute, as it later did in *Murray*. He also argues that "in presenting the petitioner's motions for reconsideration, [appellate counsel] failed to articulate adequately that the holding of *Murray* applied retroactively to the *Williams* proceeding." We affirm the court's decision on alternative grounds.

We first set forth our standard of review. "To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *Tuck* v. *Commissioner of Correction*, 123 Conn. App. 189, 194, 1 A.3d 1111 (2010). "As applied to a claim of ineffective assistance of prior habeas counsel, the *Strickland* standard requires the petitioner to demonstrate that his prior habeas counsel's performance was ineffective and that this ineffectiveness prejudiced the petitioner's prior habeas proceeding. Thus . . . the petitioner will have to prove that . . . prior habeas counsel, in presenting his claims, was ineffective and that effective representation by habeas counsel establishes a reasonable probability that the habeas court would have found that he was entitled to reversal of

the conviction and a new trial . . . ." *Harris* v. *Commissioner of Correction,* 108 Conn. App. 201, 209–10, 947 A.2d 435, cert. denied, 288 Conn. 911, 953 A.2d 652 (2008).

The petitioner cannot prevail on his claim that the court improperly rejected his claim that his habeas counsel was ineffective for failing to raise a claim regarding the ineffectiveness of appellate counsel. With respect to the direct appeal, the petitioner's argument essentially is that his appellate counsel failed to raise the substance of the issue concerning whether mid-deliberation substitution of a juror violated § 54-82h (c), which issue underlies the operative habeas petition and which issue later proved successful in *Murray.* The petitioner cannot prevail because the premise behind his argument is faulty—the petitioner's appellate counsel did, in fact, raise the issue on direct appeal. As stated in the Supreme Court opinion, his appellate counsel raised the issue of whether "the trial court improperly permitted substitution of a discharged alternate juror after deliberations had begun in violation of § 54-82h (c). . . . He argue[d] that § 54-82h (c) implements the Connecticut constitution's guarantee that '[t]he right of trial by jury shall remain inviolate'; Conn. Const., art. I, § 19; and that its violation constitutes per se reversible error." *State* v. *Williams,* supra, 231 Conn. 242. In *Williams,* the state conceded a violation of § 54-82h (c), and thus the court assumed, without deciding, that substitution of an alternate juror after jury deliberations had begun violated § 54-82h (c). Id., 242 n.10. In *Murray,* the state did not concede a statutory violation. The court in *Murray* noted that it was resolving a question left open in *Williams,* and, pursuant to a detailed analysis, concluded that § 54-82h (c) did not permit the mid-deliberation substitution of an alternate and that substitution was not subject to a harmless error analysis. *State* v. *Murray,* supra, 254 Conn. 497–98.

Although the appellant's arguments may have been cast slightly differently in *Murray* than they were in *Williams*, we do not conclude[4] that the performance of appellate counsel in *Williams* fell below the required level of competency. The issue was novel and there may have been a variety of ways to address the issue. Further, although the majority in *Murray* seems to suggest that it considered a factor not accounted for in *Williams*, it concluded that *Williams* was overruled to the extent that it held in *Williams* that reversal was not automatic. Id., 498–99. The dissent in *Murray* stressed that the majority simply did overrule *Williams*. (*McDonald, C. J.*, dissenting in part). Id., 499–500. In any event, the petitioner's arguments in his direct appeal cannot be faulted to the extent that the Supreme Court simply modified its position. The petitioner's appellate counsel properly identified the issue and presented plausible arguments. "The right to counsel is not the right to perfect representation. . . . While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue." (Citation omitted; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 87 Conn. App. 560, 563, 867 A.2d 51, cert. denied, 273 Conn. 934, 875 A.2d 543 (2005).

The petitioner cannot prevail on his argument that appellate counsel's performance was deficient because in presenting the motion for reconsideration and the motion to recall and amend, appellate counsel failed to articulate that the holding of *Murray* applied retroactively to the petitioner's direct appeal. In both his motion to reconsider and motion to recall and amend, it is clear that appellate counsel did seek to have the

[4] Because the habeas court found no facts, but rather decided the case as a matter of law, our review is plenary. See *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 799–800, 950 A.2d 1220 (2008) (question of law subject to plenary review).

holding in *Murray* apply to the petitioner. The petitioner did not prevail because *Murray* did not apply retroactively to the petitioner's direct appeal. "Although . . . judgments that are not by their terms limited to prospective application are presumed to apply retroactively . . . this general rule applies to cases that are pending and not to cases that have resulted in final judgments."[5] (Citation omitted.) *Marone* v. *Waterbury*, 244 Conn. 1, 10–11, 707 A.2d 725 (1998); see also *Amodio* v. *Amodio*, 56 Conn. App. 459, 472, 743 A.2d 1135, ("[d]ecisional law can apply retroactively only to cases that are pending"), cert. granted on other grounds, 253 Conn. 910, 754 A.2d 160 (2000) (appeal withdrawn September 27, 2000). By the time *Murray* was released on September 5, 2000, the petitioner's direct appeal, which was released on August 23, 1994, was final.

The petitioner has not proven that appellate counsel was ineffective, and thus he cannot prevail on his claim that prior habeas counsel was ineffective for failing to raise a claim of ineffective assistance of appellate counsel. Accordingly, he cannot prevail on his claim that the habeas court erred in rejecting this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] There are, however, exceptions to this general rule. See, e.g., *State* v. *Brown*, 160 Conn. 346, 351, 279 A.2d 554 (1971) (discussing retroactivity of newly enunciated constitutional principles). We need not examine such exceptions in this case because no constitutional rights are implicated. *State* v. *Murray*, supra, 254 Conn. 487 n.9 (issue of mechanisms providing for substitution of alternative jurors for regular jurors does not implicate constitutional rights).