DOMENICK VALLEJO *v.* COMMISSIONER OF
CORRECTION
(AC 32769)

DiPentima, C. J., Sheldon and Dupont, Js.

Submitted on briefs May 31—officially released July 17, 2012

*Joseph Visone*, special public defender, filed a brief for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, *Kevin T. Kane*, chief state's attorney, and *Brenda Hans*, deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

DUPONT, J. The petitioner, Domenick Vallejo, appeals from the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in

denying his petition for certification to appeal from that court's finding that the petitioner had failed to demonstrate that the attorney who had represented him in an earlier habeas proceeding had rendered ineffective assistance of counsel. We dismiss the appeal.

The following procedural history underlies the present appeal. In 2003, pursuant to the trial court's ruling, which granted the state's motion for joinder, charges against the petitioner from two criminal cases with two separate docket numbers were tried together in one trial. Following the jury trial, the petitioner was convicted, in docket number CR-02-0116400-S, of the crimes of criminal possession of a firearm in violation of General Statutes § 53a-217, possession of a controlled substance in violation of General Statutes § 21a-279 (c) and possession of a controlled substance with intent to sell in violation of General Statutes § 21a-277 (b) and, in docket number CR-03-0116803-S, of the crimes of criminal attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (1), criminal possession of a firearm in violation of § 53a-217 and possession of a weapon in a motor vehicle in violation of General Statutes § 29-38. The petitioner also had two counts of violation of probation pending at the time of the trial.[1] The trial court sentenced the petitioner to a total effective sentence of twelve years imprisonment followed by eight years of special parole.

In 2004, the petitioner filed his first petition for a writ of habeas corpus. His amended petition claimed that the attorney representing him at the criminal trial, Richard Lafferty, had provided ineffective assistance of counsel. Following a trial on the merits, the habeas court restored the petitioner's right to appeal his criminal

---

[1] The facts underlying the petitioner's criminal convictions are set forth fully in the petitioner's appeal from those convictions, *State* v. *Vallejo*, 102 Conn. App. 628, 926 A.2d 681, cert. denied, 284 Conn. 912, 931 A.2d 934 (2007).

convictions and seek review of his sentence, but denied the counts alleging ineffective assistance of counsel. See *Vallejo* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-04-0004363-S (July 27, 2005, *Fuger, J.*). Thereafter, the petitioner appealed his judgments of conviction,[2] which were affirmed by this court. See *State* v. *Vallejo*, 102 Conn. App. 628, 926 A.2d 681, cert. denied, 284 Conn. 912, 931 A.2d 934 (2007).

In 2008, the petitioner filed his second petition for a writ of habeas corpus, which is the petition underlying the present appeal. In March, 2010, the petitioner filed an amended petition in which he claimed that the attorney who had represented him during the first habeas proceeding, Christopher Neary, had provided ineffective assistance of counsel by: (1) prematurely including claims of ineffective assistance of counsel by Lafferty in the petition prior to a decision regarding whether the petitioner's appellate rights would be restored and failing to withdraw those claims without prejudice prior to trial in the first habeas proceeding; (2) failing to present evidence regarding the claim that Lafferty had rendered ineffective assistance by failing to object to the joinder of the two criminal cases and failing to move for their severance; and (3) failing to present evidence regarding the claim that Lafferty had rendered ineffective assistance by failing to properly argue the petitioner's motion to suppress a gun seized from a car driven by the petitioner in one of the criminal cases. Following a trial on the merits, the habeas court, in a thorough memorandum of decision, rejected all counts of the petition. See *Vallejo* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-09-4002802-S (August 18, 2010, *Nazzaro, J.*). The court denied the petitioner's petition for certification to appeal. This appeal followed.

---

[2] The petitioner did not appeal from the habeas court's decision denying the counts alleging ineffective assistance of counsel.

"In an attempt to discourage frivolous appeals . . . our legislature enacted General Statutes § 52-470 (b),[3] which provides that a petitioner may not appeal from an adverse judgment in a habeas proceeding unless the habeas court certifies that one or more questions ought to be considered by a reviewing court." (Citation omitted.) *Gibson* v. *Commissioner of Correction*, 135 Conn. App. 139, 143, 41 A.3d 700, cert. denied, 305 Conn. 922, 47 A.3d 881 (2012). "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and the applicable

[3] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 128 Conn. App. 425, 428–29, 17 A.3d 1089, cert. denied, 301 Conn. 926, 22 A.3d 1277 (2011).

In the present appeal to this court, the petitioner claims that the habeas court abused its discretion when it denied his petition for certification to appeal from that court's finding that Neary's failure, during the first habeas proceeding, to present evidence regarding the claim that Lafferty had rendered ineffective assistance at trial by failing to object to the state's motion for joinder of the two criminal cases did not constitute ineffective assistance of counsel.[4] The habeas court found that, irrespective of whether Neary's performance was ineffective, the petitioner's claim failed because he had not met his burden of demonstrating any resulting prejudice. Specifically, the court found that the petitioner had failed to establish that the outcome of the first habeas proceeding would have been different had Neary more effectively presented the claim of ineffective assistance against Lafferty for failing to object to the joinder of the two criminal cases.[5]

[4] The petitioner does not claim that the habeas court abused its discretion in denying his petition for certification to appeal from that court's finding that Neary's failure to present evidence regarding the claim that Lafferty had rendered ineffective assistance at trial by failing to properly argue the petitioner's motion to suppress and Neary's failure to withdraw premature claims included in the habeas petition prior to trial in the first habeas proceeding did not constitute ineffective assistance of counsel.

[5] We note that the petitioner's argument that "[t]he habeas court's finding that the petitioner was not prejudiced by the joinder of his two cases is error" inaccurately characterizes the habeas court's finding. The habeas court concluded that the petitioner had not established that he was prejudiced by Neary's performance because there was not a reasonable probability that the court in the first habeas proceeding, had it reached the merits of the petitioner's claim that Lafferty's failure to object to the state's motion for joinder constituted ineffective assistance, would have found that the petitioner was entitled to relief in the form of a reversal of his judgments

"To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. . . . The claim will succeed only if both prongs are satisfied. . . . As applied to a claim of ineffective assistance of prior habeas counsel, the *Strickland* standard requires the petitioner to demonstrate that his prior habeas counsel's performance was ineffective and that this ineffectiveness prejudiced the petitioner's prior habeas proceeding. Thus . . . the petitioner will have to prove that . . . prior habeas counsel, in presenting his claims, was ineffective and that effective representation by habeas counsel establishes a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial . . . ." (Citation omitted; internal quotation marks omitted.) *Williams* v. *Commissioner of Correction*, 133 Conn. App. 96, 101–102, 33 A.3d 883, cert. denied, 303 Conn. 941, 37 A.3d 153 (2012).

With respect to joinder: "In deciding whether to [join informations] for trial, the trial court enjoys broad discretion, which, in the absence of manifest abuse, an appellate court may not disturb. . . . The defendant bears a heavy burden of showing that [joinder] resulted in substantial injustice, and that any resulting prejudice was beyond the curative power of the court's instructions. . . . The court's discretion regarding joinder,

of conviction and a new trial. This conclusion was based on the court's finding that the petitioner had not proven that, but for Lafferty's failure to object to the motion for joinder, the two cases would not have been joined for trial or thereafter would have been severed because, given the facts in the record and the applicable legal standard, it was not likely that the trial court would have concluded that joinder was inappropriate. The court, therefore, did not find that the petitioner was not prejudiced by the joinder of the two criminal cases. It found that the petitioner was not prejudiced by Lafferty's *failure to object* to the motion for joinder.

however, is not unlimited; rather, that discretion must be exercised in a manner consistent with the defendant's right to a fair trial. Consequently, we have identified several factors that a trial court should consider in deciding whether a severance may be necessary to avoid undue prejudice resulting from consolidation of multiple charges for trial. These factors include: (1) whether the charges involve discrete, easily distinguishable factual scenarios; (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part; and (3) the duration and complexity of the trial." (Internal quotation marks omitted.) *State* v. *Payne*, 303 Conn. 538, 544–45, 34 A.3d 370 (2012).

Like the habeas court, we reject the petitioner's claim under *Strickland*'s prejudice prong. Our review of the record leads us to conclude that, even if Neary had more effectively presented the claim that Lafferty's failure to object to the joinder of the two criminal cases or thereafter to move for their severance constituted ineffective assistance of counsel, the petitioner has failed to establish that there is a reasonable probability that the court in the first habeas proceeding would have found that the petitioner was entitled to a reversal of his judgments of conviction and a new trial. As the habeas court noted, the crimes alleged in the two informations occurred at different times, on different dates and at different locations. Neither incident was so shocking or brutal as to impair the jury's ability to consider the charges against the petitioner in a fair manner. The three day trial was neither lengthy nor complex. Given these facts, we conclude that there is not a reasonable probability that, but for Lafferty's failure to object, the two criminal cases would not have been joined for trial or would thereafter have been severed. See *State* v. *Payne*, supra, 303 Conn. 545–46.

We conclude that the petitioner has failed to establish that the issues he has raised are debatable among jurists of reason, that a court could have resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further. See *Simms* v. *Warden,* supra, 230 Conn. 616. Accordingly, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.